IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JOHNNIE ELBERT TURNER, | : | MOTION TO VACATE |
| BOP No. 63061-019, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:11-CR-23-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:15-CV-58-HLM-WEJ |

**FINAL REPORT AND RECOMMENDATION**

Movant, Johnnie Elbert Turner, confined in the Coleman II United States Penitentiary in Coleman, Florida, submitted a Motion for Relief from Judgment Pursuant to [Federal Rule of Civil Procedure] 60(b)(4) [61]. The Court recharacterized that filing as a Motion to Vacate, Amend, or Correct Sentence under 28 U.S.C. § 2255 ("Motion to Vacate"). (See Order of Mar. 19, 2015 [63], at 3-4.) For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

**I.   PROCEDURAL HISTORY**

On July 19, 2011, movant was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (Indict. [1] 1-2.) On September 15, 2011, movant pleaded guilty [12, 13]. On September 27, 2012,

AO 72A
(Rev.8/82)

the Court sentenced movant to 120 months of imprisonment, followed by three years of supervised release. (J. [35] 2-3.) Movant appealed [36]. On January 2, 2013, the Court amended the Judgment to specify that movant's federal sentence runs concurrently with his state sentences pursuant to United States Sentencing Guidelines § 5G1.3. (Am. J. [45] 2.) On February 27, 2013, the United States Court of Appeals for the Eleventh Circuit granted movant's Motion for Voluntary Dismissal of his appeal [46].

On October 8, 2014, Movant executed a Motion to Vacate New Amended Sentencing Order [52]. The Court recharacterized that filing as a § 2255 Motion to Vacate. (See Order of Nov. 21, 2014 [55], at 3-4.) On December 17, 2014, the government filed a Response in opposition. (Resp. [59].) On that same date, movant filed a Motion for Voluntary Dismissal Without Prejudice [58]. The Court granted that Motion on December 19, 2014 [60].

Movant executed his present Motion for Relief from Judgment Pursuant to Rule 60(b)(4) on December 31, 2014 [61], and the Court recharacterized that filing as a § 2255 Motion to Vacate on March 19, 2015 [63]. Movant claims that the Amended Judgment entered on January 2, 2013, improperly lengthened his sentence by six

2

months. (Mot. Vacate 2.) The undersigned determines that the government's previously-filed Response is sufficient and no further response is necessary.

## II. DISCUSSION

A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) movant's conviction became final; (2) a government impediment to making the § 2255 motion was removed; (3) a right that movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) movant, with due diligence, could have discovered the facts supporting his claims. See 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), "[t]he Eleventh Circuit has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed." Adair v. Tucker, No. 5:12-cv-346-MP-GRJ, 2014 WL 2805227, at *2 (N.D. Fla. June 20, 2014). The first option is the date on which the appeal is voluntarily dismissed, while the second option is ninety days thereafter, upon the expiration of the period to seek certiorari in the United States Supreme Court. Id. In the present case, even if the second option is followed, the one-year statute of limitations expired for movant no later than May 28, 2014. Movant executed his present § 2255 Motion to Vacate more

3

than seven months afterward, on December 31, 2014. Movant has not presented anything to suggest the applicability of § 2255(f)(2)-(4), justify equitable tolling,[1] or demonstrate actual innocence.[2] Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely.

The undersigned notes that movant's claim of an improperly lengthened sentence is factually incorrect. (See Resp. 8-9.) The government explains that, under the original Judgment, the Bureau of Prisons ("BOP") calculated movant's release date as April 30, 2021. (See Resp't Ex. B [59-2] 2.) Under the Amended Judgment, the BOP recalculated movant's release date as June 23, 2019. (See Resp't Ex. C [59-3] 2-3.) Therefore, the effect of the Amended Judgment was to decrease the calculation of movant's sentence by more than twenty-two months. As the government also points

---

[1] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[2] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

AO 72A (Rev.8/82)

out, should petitioner wish to challenge the BOP's calculation of his sentence, he must exhaust his administrative remedies and then may file a 28 U.S.C. § 2241 petition for a writ of habeas corpus in the United States District Court for the Middle District of Florida, where he is presently confined. (See Resp. 9-11.)

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner

5

> shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (citing <u>Slack</u>, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [61] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge in civil action number 4:15-cv-58-HLM-WEJ.

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 7th day of April, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE