IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JOHNNIE ELBERT TURNER,

v.

CRIMINAL ACTION FILE
NO.: 4:11-CR-23-01-
HLM-WEJ

CIVIL ACTION FILE NO.:
4:15-CV-0058-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion for

Relief from Judgment Pursuant to [Federal Rule of Civil

Procedure] 60(b)(4) [61], which the Court recharacterized

on March 19, 2015, as a Motion to Vacate, Set Aside, or

Correct Sentence Under 28 U.S.C. § 2255 ("§ 2255

Motion") [63], on the Final Report and Recommendation of

United States Magistrate Judge Walter E. Johnson [64].

AO 72A
(Rev.8/8
2)

## I.   Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).  If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

The Court incorporates the procedural history portion of the Final Report and Recommendation into this Order as if set forth fully herein, and adds only those background facts that are relevant to this Order. (Final Report & Recommendation (Docket Entry No. 64) at 1-3.) On April 7, 2015, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 64.) Judge Johnson

3

AO 72A
(Rev.8/8
2)

recommended that the Court dismiss Petitioner's § 2255

Motion as untimely. (<u>Id.</u>)

Petitioner has not filed Objections to the Final Report

and Recommendation. (<u>See generally</u> Docket.) The time

period in which Petitioner could file Objections has expired,

and the Court finds that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that § 2255's

one-year statute of limitations bars Petitioner's § 2255

Motion. (Final Report & Recommendation at 3-4.) "The

Eleventh Circuit has not addressed the issue of the date a

conviction becomes final when a direct appeal is voluntarily

dismissed." <u>Adair v. Tucker</u>, No. 5:12-cv-346-MP-GRJ,

2014 WL 2805227, at *2 (N.D. Fla. June 20, 2014). "Courts

both within and outside the Eleventh Circuit have reached

4

AO 72A

(Rev.8/8

different conclusions on whether petitioners who voluntarily dismiss their appeals are entitled to the 90-day period to petition for a writ of certiorari in the Supreme Court of the United States, or whether their convictions become final on the day their appeal is dismissed." Id. The Court agrees with Judge Johnson that even if the Court presumes that Petitioner was entitled to the ninety-day period to petition for a writ of certiorari, "the one-year statute of limitations expired for [Petitioner] no later than May 28, 2014." (Final Report & Recommendation at 3.) Petitioner "executed his present [§ 2255 Motion] more than seven months afterward, on December 31, 2014." (Id. at 3-4.)[1] Further, Petitioner

---

[1]Petitioner did not sign and mail his first Motion to Vacate New Amended Sentencing Order, which the Court also re-characterized as a § 2255 Motion and later denied without prejudice, until October 8, 2014. (Mot. Vacate (Docket Entry No. 52) at 2.) That Motion dose not toll the one-year limitations period because it also was untimely.

5

failed to present "anything to suggest the applicability of §

2255(f)(2)-(4), justify equitable tolling, or demonstrate actual

innocence." (Id. at 4 (footnotes omitted).) Under those

circumstances, Petitioner's § 2255 Motion is untimely.

Alternatively, the Court agrees with Judge Johnson that

Petitioner's "claim of an improperly lengthened sentence is

factually incorrect." (Final Report & Recommendation at 4.)

Under the original Judgment and Commitment Order, the

Bureau of Prisons ("BOP") calculated Petitioner's release

date as April 30, 2021. (Id.) Under the Amended Judgment

and Commitment Order, the BOP calculated Petitioner's

release date as June 23, 2019. (Id.) The Court therefore

agrees with Judge Johnson that "the effect of the Amended

Judgment was to decrease the calculation of [Petitioner's]

sentence by more than twenty-two months." (Id.) The

6

Court further agrees with Judge Johnson that "should

[P]etitioner wish to challenge the BOP's calculation of his

sentence, he must exhaust his administrative remedies and

then may file a 28 U.S.C. § 2241 petition for a writ of

habeas corpus in the United States District Court for the

Middle District of Florida, where he is presently confined."

(Id. at 5.)

In sum, the Court finds that Judge Johnson correctly

addressed the issues raised by Petitioner's § 2255 Motion.

The Court therefore adopts the Final Report and

Recommendation and dismisses Petitioner's § 2255 Motion

as untimely.  For the reasons set forth in the Final Report

and Recommendation, the Court concludes that Petitioner

is not entitled to a certificate of appealability.  (Final Report

7

AO 72A

(Rev.8/8

& Recommendation at 5-6.)  Specifically, "the resolution of the issues presented is not debatable."  (Id. at 6.)

## IV.  Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [64], and **DISMISSES** as untimely Petitioner's Motion to Vacate, Set Aside or Correct Sentence [61].  The Court **DECLINES** to issue a certificate of appealability.  Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:15-CV-0058-HLM-WEJ.

IT IS SO ORDERED, this the 1st day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

AO 72A

(Rev.8/8

2)